STATE, EX REL. JACOB C. DAUBMAN, v. RICHARD F. SMITH.

1. The act entitled "An act to transfer the charge and keeping of the jails and the custody of the prisoners in the counties of Essex and Hudson, from the sheriff to the board of chosen freeholders, and for the employment of prisoners, and to regulate the term of service therein," approved February 27th, 1857, (*Pamph. L., p.* 40,) does not confer power on the board of chosen freeholders of any county, except those named in the title of the act, to exclude the sheriff from the custody of the jail and prisoners therein, or to appoint a jailer or keeper of the jail for such county. So far, at least, as said act professes to confer such power, it is repugnant to the constitutional requirement that every law shall embrace but one object, and that shall be expressed in the title.
2. The exception contained in section 14 of the "Act concerning sheriffs," (*Rev*, *p.* 1097,) excludes the sheriff from the custody of the jail and prisoners only in those counties wherein, in pursuance of lawful authority, there has been or may be an appointment of such an officer as the exception specifies.

An information filed by the attorney-general, on the relation of Jacob C. Daubman, set out that on November 12th, 1884, the board of chosen freeholders of Camden county resolved to adopt the provisions of an act entitled "An act to transfer the charge and keeping of the jails and the custody of the prisoners in the counties of Essex and Hudson from the sheriffs to the board of chosen freeholders, and for the employment of prisoners, and to regulate the term of service therein," approved February 27th, 1857 ; that a certified copy of such resolution was immediately sent to the office of the secretary of state for filing, and afterwards filed therein, pursuant to the terms of said act; that the board, on the same

Daubman v. Smith.

day, elected relator as jailer and keeper of the jail of the county of Camden; that he immediately gave bond, as required by said act, and demanded possession of the office to which he had thus been elected from Richard F. Smith, the defendant, who was sheriff of said county, and as such was in possession; that defendant refused to yield possession of the office, denied relator's right thereto, and excluded him therefrom. The information prayed that defendant might answer *quo warranto* he holds said office. Defendant demurred to the information.

Argued at February Term, 1885, before BEASLEY, CHIEF JUSTICE, and Justices DIXON and MAGIE.

For the relator, *S. H. Grey.*

For the defendant, *D. J. Pancoast.*

The opinion of the court was delivered by

MAGIE, J. By the provisions of section 14 of the "Act concerning sheriffs," (*Rev., p.* 1097,) the sheriff of the county of Camden is entitled to the custody and keeping of the jail of that county and the prisoners therein, unless that county is excepted from the operation of that section.

The information substantially admits this official right of the sheriff, but claims that it ceased to exist when the board of chosen freeholders adopted the provisions of the act of February 27th, 1857, (*Pamph. L., p.* 40,) and appointed relator to be jailer and keeper of the jail of that county. If the board did not possess power to adopt that act and appoint relator to that office, under that act or otherwise, then the official right of the sheriff continued.

It is this question which has been elaborately argued as presented by the demurrer in this case. Relator's principal claim is that the board of chosen freeholders acquired power to adopt the act of 1857, and to exclude the sheriff from and

appoint relator to the custody of the jail and prisoners, under the ninth section of that act.

The first eight sections give express power to each of the boards of chosen freeholders of the counties of Essex and Hudson to appoint a jailer or keeper of the jail for such county, and to do other acts respecting the jails and prisoners.

The ninth section reads as follows : "And be it enacted, that the board of chosen freeholders of the several counties in this state are hereby authorized to adopt all the provisions of this act, and fully to carry out the same to all intents and purposes in their respective counties whenever a majority of such board of chosen freeholders shall, at a regular meeting thereof, vote so to do, and file a certificate thereof in the office of the secretary of state."

Defendant, the sheriff, contends that this act, or at least the ninth section of the act, has no effective force, and urges, among other objections, that it does not conform to the constitutional requirement that every law shall embrace but one object, and that shall be expressed in the title.  *Const., art. IV., § 7, pl. 4.*

The clause of the constitution thus invoked was expounded in the case of *State, ex rel. Walter*, v. *Town of Union,* 4 *Vroom.* 350.   The doctrines there enunciated have been approved and applied in all subsequent cases on the subject, some of which have further developed the meaning and effect of the clause. *Rader* v. *Union,* 10 *Vroom* 509 ; *S. C.,* 12 *Vroom* 617 ; *State, ex rel. Richards*, v. *Hammer,* 13 *Vroom* 435 ; *Van Riper* v. *North Plainfield,* 14 *Vroom* 349 ; *Snipe* v. *Shriner,* 15 *Vroom* 206 ; *Payne* v. *Mahon,* 15 *Vroom* 213 ; *Vail* v. *E. & A. R. R. Co.,* 15 *Vroom* 237 ; *Bergen* v. *Union,* 15 *Vroom* 599 ; *Grover* v. *Trustees,* 16 *Vroom* 399 ; *Shivers* v. *Newton,* 16 *Vroom* 469.

Upon these cases it must be considered as settled in this state that when a legislative act is designed to effect one object, it will not be objectionable because it embraces details and incidents comprehended within the object.   If the whole act in each part be germane to one plain end, the constitutional requirement will be satisfied, although the act comprehends a

Daubman v. Smith.

variety of incidents. But whenever parts of an act are not germane to, or comprehended within, its plain object, then the legislation is objectionable under this clause.

In like manner it must be taken as indisputable that the title of an act must fairly express its single object. It need not particularize nor specify the modes in which the object is attained. Though it might properly be more specific, it will not be objectionable if the object aimed at in the act may, by fair intendment, be comprehended under the title. But when the title is inapt to express the object, or deceptive in its expression, then the legislation is repugnant to this clause.

Applying these doctrines to the case before us, I am compelled to the conclusion that the legislation in question is in obvious opposition to this constitutional provision in one or the other of its phases.

For, if the object of this act may be taken to be the regulation of the jails and the custody of prisoners in the two counties named in the first eight sections, then the ninth section, in providing for the extension of the scheme to other counties, introduces another and different object, and the act embraces more than one object.

If, on the other hand, the object of this act may be taken to be the regulation of the jails and the custody of prisoners in all the counties of the state, then that object is not expressed in the title. If such was the object of the act, the fact that with respect to some counties it was mandatory, and, with respect to others, optional, might not be objectionable. The matters comprehended in the act would seem to be germane to such an object. But the title does not express such an object. The enactment contained in the ninth section cannot, by any intendment, be included within the title. On the contrary, the title, by including the localities named, must be held to exclude others.

Whether the whole act must, for these reasons, be rejected, need not be decided. For if it can be held to have for its object the regulation of the jails and the custody of prisoners in the two counties named, and so much of the act can be sus-

tained, yet the ninth section, aiming at a different object, and being severable from the remainder of the act, must be rejected. *Rader* v. *Union, supra.*

The right of the board to take the action on which relator relies, cannot be derived from the act of 1857.

Relator further urges on our attention the exception contained in the fourteenth section of the act concerning sheriffs. By its terms, the sheriffs of each county are to have the custody of the jail and prisoners therein, and are made responsible for the conduct of any keeper appointed by them, " except where the board of chosen freeholders of any county may have appointed, or may hereafter appoint, a warden or keeper of such jail or jails."

It is contended that this exception is either a legislative declaration of the existence of a power of appointment to such an office in any county, or gives authority to any board of chosen freeholders to appoint to such an office.

But this contention cannot prevail. The main part of this section was enacted in the Sheriffs' act of March 18th, 1796, (*Rev. L., p.* 236,) and was continued in the same act in the Revised Statutes. *Rev. Stat., p.* 833. The exception was added when the present Revision was made, and since the act of 1857. It cannot be construed as validating appointments made without authority, nor be considered as a grant of power to appoint so important an officer. The language is too vague, and the enactment too meagre in its detail of duties and powers, to justify such a construction. The plain meaning of the exception is, that the sheriff is to be excluded from power over jails and prisoners in those counties where, in pursuance of lawful authority, there has been, or may hereafter be, an appointment of such an officer as the exception specifies.

Wherever the act of 1857 is effective, the sheriff is excluded from the custody of the jail and prisoners. But where that act, or some act of like purport, is not effective, the exception has no force.

My conclusion is, that the action of the board in this case

was without authority, and did not deprive the sheriff of his right to the custody of the jail and prisoners.

In view of this conclusion, the other objections need not be considered.

Defendant is entitled to judgment on the demurrer.